Preston's ad'x
vs.
West.

## GENERAL COURT, OCTOBER TERM, 1797.

### Preston's Administratrix *vs.* West.

Error to Harford county court. Judgment was rendered in March, 1784, against *Martin Preston*, by *non sum informatus*, for the debt due on a single bill, *with accruing interest*, and costs. An *injunction* was served after a *fi. fa.* had been laid. A *sci. fa.* afterwards issued on the 18th March, 1788, against *Rebecca Preston*, as administratrix of *Martin*, and at March term, 1790, a *fiat* was entered, &c. The writ of error in this case was brought on the *fiat* against the administratrix.

The general court *reversed* the judgment of the county court.

*Hollingsworth*, for plaintiff in error.
*Smith*, for the defendant in error.

---

## GENERAL COURT, OCTOBER TERM, 1797.

### Wolgamot *vs.* Bruner.

Appeal from Washington county court from a judgment of *nonsuit* in an action of replevin, wherein the defendant avowed a distress for rent in arrear. The plaintiff pleaded thereto *nothing in arrear, payment* and *discount* in bar as to *part of the rent*, and *payment* as to the residue. Issue was joined as to the *first plea*; *nonpayment* replied, and issue joined to the *second plea*; and demurrer to the *third plea*, and joinder. Verdicts, That the value of the property distrained amounted to 32*l.* 10*s.* current money, and the rent in arrear to 33*l.* 0*s.* 10*d.* current money. Judgment upon the *demurrer* for the defendant; and judgment that the defendant have a return, &c. to the amount of 32*l.* 10*s.* 0*d.* current money, to hold, &c. and costs.

#### BILL OF EXCEPTIONS.

The plaintiff at the trial, to support the issue on his part as to the pleas in this case filed, of no rent in arrear, and of payment as to part and tender as to the residue, offered evidence to the jury to prove, that on the 1st of March, 1794, he the plaintiff, without any consideration therefor, assigned to the defendant a note of hand for 21*l.* 0*s.* 10*d.* which the defendant received, and agreed to take upon himself the recovery thereof, and to make himself answerable to the plaintiff for the amount thereof; which he offered in evidence to the jury of a payment for the amount of the said note in part discharge of the rent avowed for in this cause.

THE COUNTY COURT adjudged, and so directed the jury, that this was no evidence to them of any payment by the plaintiff to the defendant, in part discharge of the rent avowed for in this action. The plaintiff excepted, and appealed to this court.

*Mason,* for appellant.

*Shaaff,* for appellee.

Statutes cited—7 *Hen.* 8, *ch.* 4.  21 *Hen.* 8, *ch.* 19. 17. *Cha.* 2, *ch.* 7.  19 *Geo.* 2, *ch.* 19, s. 23.  *Lill. Ent.* 348, 542.

THE GENERAL COURT *affirmed* the judgment of the county court.

Oct. 1797.

Wolgamot
vs.
Bruner.

## GENERAL COURT, OCTOBER TERM, 1797.

### KIMMELL vs. JAMES.

ASSUMPSIT for goods sold and delivered. The general issue pleaded.

The plaintiff at the trial, offered evidence to prove, that the defendant was indebted to him in the sum of 300*l.* for goods sold and delivered on the 1st of May, 1795.

The defendant offered in evidence, as an account in bar, an instrument of writing, (which was not before filed) to show, that the plaintiff was indebted to him 2000*l.* The said instrument of writing purporting to be an agreement, under seal, dated the 27th of July 1795, between the plaintiff and defendant, by which the plaintiff bound himself to pay unto the defendant the sum of 2000*l.* at or upon the 20th of July 1797, in consideration of which the defendant was to make over all his rights and claims of the one third of his lands, which he held by warrants of proclamation, or might recover until the 1st of January 1797. And it was agreed, that if there were no lands secured by proclamation warrants, or escheat, the said agreement to be void.

The defendant also offered to read in evidence the original bill filed in the court of chancery by the plaintiff, against the defendant, stating and referring to the said agreement as part of the said bill, and to be a true copy of the agreement entered into between the plaintiff and the defendant. The bill filed in the court of chancery was to vacate the agreement, as being entered into by fraud and imposition, &c.

DUVALL, J. was of opinion that the said evidence, so offered by the defendant, was improper, inadmissible, and not competent to be read to the jury, and he refus-